# UNITED STATES DISTRICT COURT

### District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>District Judge<br>─────<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

May 20, 2005

**Appearances:**

Barry J. Roy, Esq.
Booker, Rabinowitz, Trenk, Lubetkin,
Tully, DiPasquale & Webster, P.C.
100 Executive Drive, Suite 100
West Orange, New Jersey 07052

Esmat Zaklama
2734 Kennedy Blvd.
Jersey City, New Jersey 07306

Re:   <u>Esmat Zaklama et al. v. City of Jersey City et al.</u>; No. 02-5564 (WHW)
       Motion for Summary Judgment

Dear Litigants:

The Court has considered the motion of defendant Jersey City Incinerator Authority ("JCIA") for summary judgment. This motion is decided without oral argument pursuant to Fed.R.Civ.P. 78. Having reviewed the relevant law, the Court finds that Defendants are entitled to summary judgment. The motion is granted.

**FACTS AND PROCEDURAL BACKGROUND**

Over the past five years, JCIA inspectors have issued numerous summons to plaintiff Esmat Zaklama and his various businesses ("Zaklama") for various violations of Chapter 287 of the Jersey City Municipal Code, specifically pertaining to the handling of solid waste and/or recyclable materials. Zaklama alleges that the summonses were issued without due process of law, but does not allege any facts detailing how the summonses violated his rights or otherwise resulted in injury. The Jersey City Municipal Code provides JCIA inspectors with discretion to issue summonses and does not provide for a notice or written warning requirement. See Harrison Cert. at ¶ 6.

Zacklama filed this suit on November 20, 2002. His complaint sets forth the following claims: (1) violation of his civil rights under 42 U.S.C. § 1983; (2) false arrest and incarceration; (3) invasion of privacy, slander, and defamation; (4) violation of his 4th and 14th amendment due process rights; (5) intentional infliction of emotional distress; (6) negligent infliction of emotional distress; (7) conspiracy to violate his civil rights; (8) interference with his state and federal civil rights; (9) malicious prosecution; and (10) compensatory damages. Counts 2 and 3 are not brought against the JCIA. Count 10 describes Zaklama's alleged injuries, but does not state a separate claim.

**LEGAL STANDARDS**

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Chippollini v.

Spencer Gifts, Inc., 814 F.2d 893, 896 (3d Cir.) (en banc), cert. denied, 483 U.S. 1052 (1987). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party. Boyle v. Allegheny, Pa., 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The Supreme Court has stated that in evaluating a motion for summary judgment:

> [t]he judge must ask . . . not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmovant] on the evidence presented. The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [nonmovant] is entitled to a verdict. . . .

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party. See id.

To survive a motion for summary judgment, a nonmovant must present more than a mere scintilla of evidence in his favor. Id. He cannot simply reassert factually unsupported allegations contained in his pleadings. See Celotex, 477 U.S. at 325; Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994). Further, only evidence that would be admissible at trial may be used to test a summary judgment motion; evidence with a deficient foundation must be excluded from consideration. Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460 (3d Cir. 1989).

**DISCUSSION**

**I.      Plaintiff's State Law Claims**

Zaklama's complaint asserts state tort law claims for intentional infliction of emotional distress, negligent infliction of emotional distress and malicious prosecution. See Complaint, Counts 5, 6, and 9.  These claims are governed by the New Jersey Tort Claims Act (the "TCA"). See Velez v. City of Jersey City, 180 N.J. 284, 293 (2004) (holding that the TCA applies to intentional as well as negligent conduct); Epstein v. State, 311 N.J. Super. 350, 353 (App. Div. 1998) (barring claims for malicious prosecution and emotional distress); Garlanger v. Verbeke, 223 F.Supp. 2d 596, 602 (D.N.J. 2002) (noting that false arrest, malicious prosecution and intentional infliction of emotional distress are subject to the TCA's requirements).

It is well-settled that a public entity's liability for injuries arising out of its acts or omissions is governed by the TCA.  N.J.S.A. 59:1-1 *et seq*.  The TCA requires claimants to submit a notice of claim to the public entity allegedly responsible for their injuries.  Section 59:8-4 of the TCA requires that the notice of claim include the name and address of the claimant, the date, place and circumstances of his injury, a general description of his injury and the damage or loss suffered, the name of the public entity and an estimated amount of the claim against the entity.  To properly assert his tort claims against the JCIA, Zaklama was required to submit his notice of claim to the JCIA "within 90 days of the accrual of his claim . . . ." N.J.S.A. 59:8-8(a).

Zaklama did not present the JCIA with a notice of claim, as required by the TCA.  Under New Jersey law, a complaint is to be considered a nullity and must be dismissed if a plaintiff did not submit a conforming notice of claim.  See Karczewski v. Nowicki,188 N.J.Super. 355, 357

(App. Div. 1982).  Because it is undisputed that Zaklama never filed a notice of tort claim under the TCA, counts 5, 6, and 9 of Zaklama's complaint are dismissed as to the JCIA.

**II.     Plaintiff's Civil Rights Claims**

Counts 1, 4, 7 and 8 of the complaint assert claims for violation of Zaklama's due process rights under the Fourth and Fourteenth amendments to the United States Constitution, conspiracy to violate his civil rights and violation of his federal and state civil rights under 42 U.S.C. §§ 1981, 1985, 1986, and 1988

**A.     Fourteenth Amendment Due Process Claims**

Zaklama alleges that the JCIA violated his due process rights on several occasions by issuing illegal summonses without just cause and without proper notice.  Zaklama argues that he should have been given the opportunity to abate the alleged violations before the summonses were issued.  In his opposition brief, Zaklama also argues that the JCIA issued the summonses against his properties because of his ethnicity, which he describes as Egyptian.

The Fourteenth Amendment's procedural due process prohibits the states from depriving any person of life, liberty, or property without due process.  For a procedural due process claim to survive summary judgment, there must be evidence that a person acting under color of state law deprived plaintiff of a protected property interest and evidence that the state procedure for challenging the alleged deprivation does not satisfy the requirements of procedural due process. See Robb v. City of Philadelphia, 733 F.2d 286, 292 (3d Cir. 1984).  A state provides constitutionally adequate procedural due process when it provides reasonable remedies to rectify a legal error by a local administrative body.

Zaklama has not presented any evidence, or indeed any explanation, of what property interests were implicated by the JCIA's summons. Zaklama has the burden of producing actual, competent evidence to support the allegations in his complaint. Given the absence of any factual record to support Zaklama's due process claims, those claims are dismissed.

### B.     Equal Protection Claims

For an Equal Protection Clause claim under § 1983 to survive summary judgment, there must be some evidence of an allegedly offensive categorization that invidiously discriminates against a disfavored group. See Price v. Cohen, 715 F.2d 87, 91 (3d Cir. 1983). "Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." City of Cuyahoga Falls, Ohio v. Buckeye Community Hope Foundation, 538 U.S. 188, 194 (2003).

A facially neutral law or policy violates the Equal Protection Clause when it is applied differently on the basis of race or when its application is motivated by discriminatory intent and has a racially discriminatory impact. See Yick Wo v. Hopkins, 118 U.S. 356 (1886); Village of Arlington Heights v. Metro Housing Development Corp., 429 U.S. 252 (1977). Zaklama has not produced any evidence that the JCIA treated him differently because of his race or ethnicity, nor that JCIA's enforcement of the building codes was motivated by discriminatory intent. Zaklama claims that if one were to subpoena the JCIA's voluminous records, he would find that the majority of summonses were issued against minority property owners. This bare allegation is insufficient to support a finding that the JCIA selectively enforced its property maintenance code against persons of Egyptian descent. Zaklama's Equal Protection claims are dismissed.

### C. Fourth Amendment Claims

Zaklama also argues that the JCIA's decision to issue the summonses violates his Fourth Amendment right to be free from unreasonable searches and seizures. A person invoking the protection of the Fourth Amendment must demonstrate that "he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Minnesota v. Carter, 525 U.S. 83, 88 (1988). Again, it is not clear how the JCIA is alleged to have performed an unreasonable search or seizure of Zaklama's property and there is no evidence at all that any constitutional violations occurred. Because Zaklama has not alleged facts to support his allegation that his Fourth Amendment rights were violated, his Fourth Amendment claims are dismissed.

### D. Conspiracy to Violate Civil Rights

The elements of a claim for conspiracy to violate civil rights under 42 U.S.C. § 1985 are (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States. See United Brotherhood of Carpenters, Local 610 v. Scott, 463 U.S. 825, 828-29 (1983). In addition, the conspiracy must be motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." Id. at 829.

Zaklama has not presented any evidence of "discriminatory animus" or a conspiracy between JCIA and anyone else. Zaklama's § 1985 claim fails as a matter of law and is

dismissed. Because there is no viable § 1985 claim there can be no § 1986 claim for failure to prevent acts prohibited in § 1985. Zaklama's § 1986 claim is also dismissed.

### E. Section 1981 Claim

To state a claim under § 1981, a plaintiff must alleged that he is a member of a racial minority, that a defendant had an intent to discriminate against him on the basis of race, and that the discrimination concerned one or more of the activities enumerated in the statute, namely the right to make and enforce contracts. See Mian v. Donaldson, Lufkin and Jenrett Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Section 1981 also covers efforts to impede access to the courts. See id. There is no evidence that the JCIA's alleged actions interfered with a prospective or actual contract between Zaklama and a third party, or with any judicial proceedings. Zaklama's § 1981 claim is dismissed.

### F. Attorney's Fees

Zaklama also claims attorneys' fees pursuant to 42 U.S.C. § 1988. Section 1988 provides that the Court may allow the prevailing party reasonable attorney's fees as part of the costs. Because Zaklama has not prevailed, his request for attorneys' fees is moot.

**CONCLUSION**

It is on this 20th day of May 2005,

ORDERED that Defendants' motion for summary judgment is GRANTED. It is further ORDERED that Zaklama's complaint is DISMISSED WITH PREJUDICE in its entirety.

**S/ William H. Walls, U.S.D.J.**